USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 10
DATE FILED: 6/29/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELAM ELECTROLUMINESCENT INDUSTRIES, LTD. and ELAM USA, INC.,

Plaintiffs,

v.

RHODE ISLAND NOVELTY, INC.

Defendant.

04 Civ. 7205 (LMM)

MEMORANDUM & ORDER

McKenna, D.J.

Elam Electroluminescent Industries, Ltd. ("Elam"), an Israeli corporation with its principal place of business in Israel, along with its subsidiary, Elam USA Incorporated ("Elam USA"), a Delaware corporation with its principal place of business in New York, filed this action for patent infringement against Rhode Island Novelty Incorporated ("Rhode Island Novelty"), a Rhode Island corporation that has its principal place of business in Rhode Island. Rhode Island Novelty moves to transfer the case to the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1404(a). For the reasons stated below, Rhode Island Novelty's motion to transfer is granted.

1

Elam holds a patent for "Electroluminescent Light Source with a Mixture Layer Filled with a Transparent Filler Substance" (the "patent"). (Compl. at ¶ 9) Elam manufactures and sells the

A TRUE COPY
J. MICHAEL McMAHON, CLERK
BY DEPUTY CLERK

MICROFILM
JUN 30 2005 -12 00 PM

COPIES MAILED TO COUNSEL JUN 29 2005

electroluminescent wire which is the subject of the patent. (Id. at ¶ 8) Elam USA, a subsidiary of Elam, with its sole employee being the president of the company, distributes the electroluminescent wire in the United States. (Pls.' Opp'n at 5) Elam alleges that Rhode Island Novelty imports and sells sunglasses containing the electroluminescent wire and therefore infringe the patent. (Compl. at ¶¶ 12-16) The allegedly infringing sunglasses are manufactured in Asia and purchased by Rhode Island Novelty, which imports them to Rhode Island. (Pls.' Opp'n at 2) Rhode Island Novelty then takes orders for the sunglasses and ships them from a distribution center in Rhode Island. (Def.'s Mot. at 2) All of Rhode Island Novelty's employees reside in Rhode Island. (Id. at 8) Rhode Island Novelty has allegedly sold $62.00 worth of the allegedly infringing product in New York. (Id. at 8). Plaintiffs also claim that Rhode Island Novelty displayed the product at a 2004 trade show in New York, which the president of Elam USA attended. (Declaration of Avi Timor, March 2, 2005, ¶ 7) Rhode Island Novelty moves to transfer the case to the United States District Court for the District of Rhode Island.

**2**

For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought. 28 U.S.C. § 1404(a).[1] The burden of showing inconvenience lies with the moving party. See, e.g., Linzer v. EMI Blackwood Music Inc., 904 F. Supp. 207, 216 (S.D.N.Y. 1995). "The idea behind 1404(a) is that where a 'civil action' to vindicate a wrong - however brought into court - presents issues and requires witnesses that make one District Court more convenient than another, the trial judge can, after findings, transfer the whole action to the more convenient court." Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26 (1960). Nine factors are used to evaluate the convenience and fairness of a transfer, including (1) convenience of the witnesses; (2) location of relevant documents and the relative ease of access to sources of proof; (3) locus of operative facts; (4) convenience of the parties; (5) availability of process to compel attendance of unwilling witnesses; (6) relative means of the parties; (7) a forum's familiarity with the governing law; (8) weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice based on the totality of the circumstances.

---

[1] The District of Rhode Island may properly assert jurisdiction over a case where a party resides in the district. 28 U.S.C. § 1391(a). A corporation may be said to reside where its principle place of business is located. 28 U.S.C. § 1391(b). Therefore, the District of Rhode Island may properly assert jurisdiction over this case because Rhode Island Novelty "resides" in Rhode Island.

Kiss My Face Corp. v. Bunting, No. 02 Civ. 2645, 2003 WL 22244587, at *2 (S.D.N.Y. Sept. 30, 2003). The court has "broad discretion" to transfer a case to a more convenient forum. Eskofot v. E.I. Du Pont (U.K.) Ltd., 872 F. Supp. 81, 94 (S.D.N.Y. 1995).

**3**

Elam argues that a plaintiff's choice of forum should be given deference. (Pls.' Opp'n at 3) However, where the "operative facts have only a tenuous connection" with the forum chosen, the plaintiff's choice should be "accorded little weight." Aspex Eyewear Inc. v. Miracle Optics Inc., No. 01 Civ. 2671, 2001 WL 1464732, at *3 (S.D.N.Y. Nov. 19, 2001) (finding that operative facts occurred where the allegedly infringing product was "designed, developed, and managed"). The allegedly infringing products in this case were designed and developed in Asia. (Pls.' Opp'n. at 2) However, as the plaintiffs state and the defendants do not contest, the "conception and execution" of the sale of the allegedly infringing sunglasses occurred in Rhode Island.[2] (Def.'s Mot. at 2) Thus, the locus of operative facts is in Rhode Island, not in New York. The connection to New York

---

[2] Even assuming as true the plaintiffs' allegations that the product was shown at a New York trade show and $62.00 worth of the products were sold in New York, that amount of marketing represents a connection to New York that is minor in comparison to the defendant's contact with Rhode Island.

is tenuous at best.

Plaintiffs argue that Rhode Island would not be a more convenient forum for the litigation, but would instead shift the inconvenience onto them. (Pls.' Opp'n at 1). The court finds this argument unpersuasive. As to Elam USA, although it exists in New York, it is unclear that Elam USA, or its sole employee, will play any significant role in this litigation. Elam states that "with respect to Elam USA, _if_ its president Avi Timor is called to testify, this District will be more convenient than Rhode Island because he will have to drive over four and a half hours." (_Id_. at 5)(emphasis added) Elam thus has not stated unequivocally that the president of Elam USA will even testify in this case.[3] (_Id_.) As to Elam, its employees are based in Israel, and flying to Rhode Island to litigate cannot be said to be substantially more inconvenient than flying to New York. _See e.g_, _Coker v. Bank of America_, 984 F. Supp. 757, 765 (S.D.N.Y. 1997) (finding that where plaintiff "has to travel from Nigeria to the United States in any event; taking an additional flight through to New Mexico is not significantly inconvenient").

When deciding whether a transfer should be granted, the

---

[3] It should be noted that even if the president of Elam USA is called to testify, this is a civil case and frequent court appearances will not be necessary. Moreover, the cost of travel from New York to Rhode Island will be minor compared to the other costs typically incurred in litigation. (Declaration of Adam L. Brookman, March 9, 2005, ¶ 4)

convenience of witnesses is an important factor to consider. See, e.g., Kiss My Face Corp., 2003 WL 22244587, at *2. In contrast to plaintiffs, who have not identified any specific witnesses who will testify in this case, defendants have identified by name five witnesses who they expect will testify in this matter. (Def.'s Mot. at 7). All five of those witnesses reside in Rhode Island. (Def.'s Mot. at 7).

The location of documents and the ease of access to sources of proof is also an important factor, Kiss My Face Corp., 2003 WL 22244587, at *2, and defendants show that all the documents probative of patent infringement are located in Rhode Island. (Id. at 10.)

Thus, for the convenience of the witnesses, as well as the ease of access to probative documents, the case should be transferred to Rhode Island.

**4**

For the reasons stated above, Rhode Island Novelty's motion to transfer is granted. The clerk is directed to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Rhode Island.

So Ordered
Dated: June 28, 2005
New York, New York

Lawrence M. McKenna
U.S.D.J