Adam L. Brookman (AB-4935)
Sandra E. Langs (SL-2344)
Dennis Cavanaugh (DC-3146)
**PILIERO GOLDSTEIN KOGAN & MILLER, LLP**
10 East 53rd Street
New York, New York 10022
212-478-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELAM ELECTROLUMINESCENT INDUSTRIES, LTD., and ELAM USA, INC., Plaintiffs, | 04 CV 7205 (LMM) |
| v. | |
| RHODE ISLAND NOVELTY, INC. Defendant. | ANSWER<br>Electronically Filed |

Defendants Rhode Island Novelty, Inc. ("RINCO") by its attorneys, as and for its Answer to the Complaint alleges as follows:

1. Admitted that the Complaint appears to be a claim for infringement of U.S. Patent No. 5,869,930 (the "'930 Patent).

**JURISDICTION AND VENUE**

2. Admitted that the claims appear to be based on the patent laws of the United States. Admitted that to the extent that this action is based on the patent laws of the United States, the Court has subject matter jurisdiction.

3. Denied.

4. Denied.

**PARTIES**

5. Admitted.

6. Admitted.

7. Admitted.

**CLAIM FOR RELIEF**

8 RINCO is without sufficient information to admit or deny and therefore denies the same.

9. Exhibit to the Complaint appears to be copy of U.S. Patent No. 5,869,930 Patent, issued on February 9, 1990. RINCO is without sufficient information to admit or deny the remaining allegations in paragraph 9 and therefore denies the same.

10. Paragraph 10 is not an accurate reproduction of any of the claims of the U.S. Patent No. 5,869,930 and thus, RINCO denies the allegations of paragraph 10.

11. RINCO is without sufficient information to admit or deny and therefore denies the same.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendant has not engaged in any acts which would constitute infringement of any of the claims of the '930 Patent.

3. The '930 Patent is invalid, void, and/or unenforceable for one or more of the following reasons:

A. The alleged invention, discovery or improvement purported to be patented in the '930 Patent was known or used by others in the United States of America, its territories or possessions, or patented or described in a printed publication before the alleged invention or discovery thereof by the applicants for the '930 Patent;

B. The alleged invention, discovery or improvement purported to be patented in the '930 Patent was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application in the United States on which the '930 Patent issued;

C. The alleged invention, discovery or improvement purported to be patented in the '930 Patent was in public use or on sale in the United States of America, its territories or possessions, more than one year prior to the date of the application in the United States of America on which the '930 Patent issued;

D. The alleged invention, discovery or improvement purported to be patented in the '930 Patent was described and fully disclosed in patents granted on applications for patents by others filed in the United States before the alleged invention thereof by the applicants for the '930 Patent;

E. The applicants for the '930 Patent did not invent or discover the subject matter purported to be covered by the '930 Patent;

F. Before the alleged invention by the applicants for the '930 Patent of the invention, discovery or improvement purported to be covered by the '930 Patent, the alleged invention, discovery or improvement was made in this country by another who had not abandoned, suppressed or concealed it;

G. The differences, if any, between the subject matter of the alleged invention, discovery or improvement of the '930 Patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention, discovery or improvement was made to a person having ordinary skill in the art to which the subject matter pertains;

H. The specification of the '930 Patent does not contain a written description of the alleged invention, discovery or improvement purported to be covered by the '930 Patent in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to practice the alleged invention, discovery or improvement thereof;

I. The specification of the '930 Patent does not set forth the best mode contemplated by the applicant for the '930 Patent for carrying out the alleged invention, discovery or improvement purported to be covered by the '930 Patent;

J. The specification of the '930 Patent does not conclude with claims that particularly point out and distinctly claim the subject matter which constitutes a patentable invention, or which was, or is, regarded by the applicants for the '930 Patent as their invention, discovery or improvement; and

K. The '930 Patent was not obtained in a manner consistent with the provisions of Title 35, United States Code and is thus invalid and/or unenforceable. More specifically, the '930 Patent is invalid and/or unenforceable for failure to comply with one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116, 253, 286 and 288.

4. Plaintiff is not entitled to recover costs due to its failure to make a timely disclaimer of invalid claims pursuant to the requirements of 35 U.S.C. §§ 253 and 288.

5. The claims of the '930 Patent are not infringed based on one or more of the following grounds:

A. The prior art known before the alleged inventions of the claimed subject matter of the patent and the disclosures of the patent so limit and restrict the scope of the claims of the patent that no product made, used, or sold by Defendant can be regarded as an infringement of such claims; and

B. Plaintiffs are estopped by virtue of representations, omissions, and/or concessions made to the United States Patent and Trademark Office during the prosecution of the application and reexamination proceedings from which the patents issued, from construing any of the claims of the patents to cover the manufacture, use, or sale of any products made, used, or sold by the Defendant.

19. Plaintiffs lacks standing to sue under the '930 patent because they fail to have the requisite degree of ownership interest in the patent required to bring and/or maintain this action against Defendant.

WHEREFORE, Defendant RINCO respectfully requests the following relief:

(a) Dismissal of the Complaint with prejudice;

(b) Entry of a final judgment by this Court declaring that United States Patent No. 5,869,930, and the claims thereof, is invalid, unenforceable and/or not infringed and that Defendant and those with whom it does business may continue their manufacture, sales

or uses of, and their businesses relating to, the accused infringing product without any further action, threat, or interference of any kind or nature whatsoever by Plaintiffs or anyone claiming by or through Plaintiffs on account of said patent;

(c) For an order directing that RINCO be awarded its costs;

(d) That this Court declare this to be an exceptional case and pursuant to 35 U.S.C. § 285 award RINCO reasonable attorneys' fees incurred in defending against this suit; and

(e) For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: New York, New York
February 15, 2005

PILIERO GOLDSTEIN KOGAN & MITCHELL, LLP

By: s/Adam L. Brookman

Adam L. Brookman (AB-4935)
10 East 53rd Street
New York, New York 10022
(212) 478-8500
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the foregoing "ANSWER" was electronically filed and is available for viewing and downloading from the ECF System. It was also served in the manner indicated to the persons indicated:

VIA U.S. MAIL:
Mr. Guy Yonay
10 Rockefeller Plaza
New York, NY 10020

on February 15, 2005.

______________________
Adam L. Brookman